IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

VINCENT BERNARD WEAVER,

    Petitioner,

v.                                                                            Civil Action No.  3:07CV159
                                                                                       (BAILEY)

**WAYNE PHILLIPS, Warden,**

    Respondent.

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 FOR LACK OF STANDING

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 14) and the petitioner's corresponding objections (Doc. 16). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived. **See *Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation that the petitioner objected. The remaining portions of the report and recommendation to which petitioner did not object will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and**

**Recommendation (Doc. 12)** should be, and is, **ORDERED ADOPTED IN PART**, to the extent of the factual findings therein.

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2241 are as follows. On October 2, 2007, the petitioner received a fourteen month sentence of incarceration for aiding and assisting the preparation and presentation of false tax returns in violation of 26 U.S.C. § 7206(2). Thereafter, on November 19, 2007, the defendant was committed to the custody of the Bureau of Prisons (BOP) and designated to serve his sentence at FCI Morgantown. Subsequently, on January 9, 2008, following a review of petitioner's case, petitioner's unit team recommended that petitioner be placed in Residential Release Center (RRC) (previously known as Community Corrections Centers (CCC)) for thirty to forty-five days prior to his release. In making this determination, petitioner's unit team fully considered the five factors outlined in 18 U.S.C. § 3621(b). (Doc. 7-3, p. 2).

On December 5, 2007, the plaintiff filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). In the petition, plaintiff asserts that the BOP improperly capped his recommendation for time spent in RCC at ten percent of his total term of incarceration. As such, petitioner request that the Court direct the BOP to place him in RRC for six months. In response, the United States filed a Motion to Dismiss Petition as Moot (Doc. 7). In the motion, the United States argues that dismissal is appropriate because the petitioner has already received the only relief that he is entitled to, namely, to have his RRC recommendation determined in conformity with 18 U.S.C. § 3621(b). Following the filing of the government's motion, the Court issued a Rosboro Notice (Doc. 9). Thereafter, petitioner filed his Response (Doc. 13) arguing that the action

was not moot because the Court could still direct the BOP to place him in RRC for six months.

Upon consideration, the Magistrate Judge found that the petitioner's unit team had in fact considered the factors outlined in 18 U.S.C. § 3621(b) when determining their recommendation for RRC. As a result, the Report and Recommendation (Doc. 14) recommends that the petition be dismissed on mootness grounds. In response, the petitioner filed his Objections to the Report and Recommendation (Doc. 16) again asserting that the case is not moot because the Court can still direct the BOP to place him in RRC for six months. In addition, on April 2, 2008, the petitioner filed a Motion to Compel (Doc. 17) seeking an order from the Court compelling his immediate placement in RRC.

In reviewing the above, the Court agrees with the finding of the Magistrate Judge that the petitioner's initial RRC recommendation was conducted in conformity with 18 U.S.C. § 3621(b). However, the Court disagrees with the reasoning of the Report and Recommendation finding petitioner's claim to be moot. Rather, it is the opinion of the Court that the petitioner never suffered any injury in fact, and as such, is without standing to challenge his RRC recommendation. **See Lujan v. Defenders of Wildlife**, 504 U.S. 555, 560 (1992). Because much of the confusion centers around prior BOP policies regarding the designation of RRC and CCC, a brief review of that history is in order.

Title 18, United States Code, Section 3621(b) outlines a list of five factors to be considered by the BOP in making a prisoner's RRC determination. **See** 18 U.S.C. § 3621(b). In 2005, the BOP enacted a new regulation requiring inmates to be placed in RRC/CCC for the "last ten percent of the prison sentence being served not to exceed six

months" based upon a purported "categorical exercise of discretion." 28 C.F.R. §§ 570.20-21. This 2005 regulation, in turn, spawned a wealth of federal litigation challenging the regulation on the ground that it was inconsistent with the plain meaning of 18 U.S.C. § 3621(b). In considering this issue, the court's of this District have concluded that the 2005 regulation is in fact invalid because it impermissibly contravenes the clear will of Congress to have the BOP consider the factors outlined in 18 U.S.C. § 3621(b) when making an inmate's RRC/CCC determination. *See Smith v. Gutierrez*, 2007 WL 2819535 (N.D.W.Va. Sept. 26, 2007), *Simcoke v. Phillips*, 2007 WL 2739540 (N.D.W.Va. Sept. 18, 2007), *Jaworski v. Gutierrez*, 509 F. Supp. 573 (N.D.W.Va. 2007), *Murdock v. Gutierrez*, 2007 WL 2193592 (N.D.W.Va. July 24, 2007). However, in doing so, the courts of this District have also concluded that a RRC/CCC determination in conformity with 18 U.S.C. § 3621(b) is the appropriate remedy for an improper application of the 2005 BOP regulation. *Id*.

Writing in regard to standing requirements of Article III of the United States Constitution, the United States Supreme Court held in *Lujan v. Defenders of Wildlife* that:

> [T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury alleged and the conduct complained of–the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Id*. at 560 (citations omitted). As such, the standing requirements of Article III represent "an indispensable part of the plaintiff's case." *Id*. In the case at bar, the petitioner has failed to prove that the invalidated 2005 regulation was ever applied to him. Quite to the

contrary, petitioner's RRC/CCC determination was based upon a proper consideration of 18 U.S.C. § 3621(b)'s factors from the very outset of his incarceration. (Doc. 7-3, p. 2). Accordingly, petitioner never suffered any injury in fact and is without standing to challenge his RRC/CCC recommendation.

In light of the above, the Court cannot adopt the reasoning contained in the Defendant's Motion to Dismiss Petition as Moot (Doc. 7) and the Report and Recommendation indicating that the instant matter presents a case and controversy that is no longer live because, in the Court's view, the instant matter never presented a case and controversy within the meaning of Article III. As such, the Court lacks subject matter jurisdiction to entertain the **Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(Doc. 1)**, which must be, and is, hereby **ORDERED DISMISSED**. Furthermore, the Court **ADOPTS IN PART** the **Report and Recommendation (Doc. 14) to the extent of the factual findings contained therein**. For the foregoing reasons, both **Defendant's Motion to Dismiss Petition as Moot (Doc. 7)** and the **Petitioner's Motion to Compel (Doc. 17) are DENIED**. As a final matter, it is **ORDERED** that this case be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated: May 6, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE